IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| SUSAN HERZOG, | ) |
| Plaintiff, | ) |
| | ) CIV. NO.: 10-CV-00029 |
| v. | ) |
| | ) |
| ESTATE DAVIS BAY RESORTS, LLC, | ) |
| JS CARAMBOLA, LLP, CHRISTOPHER | ) |
| RUSSELL, and RYAN HILL | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Finch, Senior Judge

THIS MATTER is before the Court on the motion of defendants Christopher Russell ("Russell") and Ryan Hill ("Hill") to dismiss this action. Plaintiff Susan Herzog ("Herzog") has not responded to the motion. The case was initially brought in the Superior Court of the Virgin Islands and removed to this Court on motion of the defendants. Before ruling on the motion to dismiss, the Court will first consider whether removal in this instance was proper.

### I.     Background[1]

In January of 2003, Herzog met Russell through a mutual acquaintance. Russell informed Herzog that he was seeking someone to help improve management of the Carambola Beach Resort (the "Resort") (Compl. ¶¶ 7-10, 15-16).[2] Following this initial contact, Herzog traveled to St. Croix at the behest of Russell and was told that she would be reimbursed for her travel

---

[1] For the purposes of determining whether removal is proper in this case, the Court takes the allegations in the plaintiff's complaint as true. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-52 (3d Cir. 1992). The same standard applies in considering a motion to dismiss. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 (3d Cir. 2002) ("In evaluating the propriety of the dismissal, we accept all factual allegations as true").

[2] Herzog alleges that Russell was the owner of the Resort. (Compl. ¶ 8.) Defendants, in their motion, assert that Estate Davis Bay owned and operated the Carambola Beach Resort. Herzog does not indicate the relationship between Estate Davis Bay Resorts and the Carambola Resort  However, Herzog asserts that she entered into contracts with Estate Davis Bay to perform work on behalf of the Resort.

expenses. (Compl. ¶¶ 11, 17.) On her first trip, she met with James Brandon, managing member of Estate Davis Bay Resorts ("Estate Davis Bay"), at which time she agreed to train the hotel staff and management. Shortly after this meeting, Herzog made a second trip back to St. Croix to begin her employment. Herzog was informed that this travel expense would also be reimbursed. (Compl. ¶¶ 16-17.)

Herzog was later solicited to act as General Manager of the Resort by Managing Member of Estate Davis Bay, James Brandon. (Compl. ¶ 23.) Herzog agreed to accept the position in exchange for the following: a salary of $10,000 per month, the addition of a hotel manager position, 40 complimentary room nights in the slow seasons, and the monthly cost of her apartment in Maryland. (Compl. ¶ 24.) According to Herzog, the "owners" approved her request.

Subsequently, Estate Davis Bay Resorts, through James Brandon, entered into another agreement to pay Herzog a finders fee for locating and bringing a buyer of the Resort to the attention of the defendants. (Compl. ¶¶ 19-30; Ex. B.) In a letter dated June 19, 2003, Brandon indicated that Estate Davis Bay would pay Herzog a finders fee of 4% of the first eight million dollars of the sale price of the Resort and an additional fee of 50% of the amount above eight million dollars. (Compl., Ex. B.)

On August 7, 2003, Brandon wrote two checks to Plaintiff in the amount of $16,000 and $35,032.02. (Compl. ¶ 31.) Herzog deposited those checks in her Bank of America bank account but was informed by the bank that the checks were returned due to account closure. (Compl. ¶¶ 31-35.). Herzog does not indicate the service performed in exchange for these checks.

2

On August 9, 2004, Herzog recorded a notice of interest with the Recorder of Deeds' Office with respect to the Resort property and included a copy of the June 19th letter from Brandon. (Compl. ¶ 37, Ex. A.) Defendant JS Carambola subsequently purchased the property of the Resort. The warranty deed, dated August 20, 2004, transfers the Resort property from Estate Davis Beach Resorts to JS Carambola. It is signed by Ryan Hill, Operating Manager of Estate Davis Beach Resorts. (Compl. Ex. C.) The Court presumes, for purposes of the inquiry at hand, that Estate Davis Beach Resorts and Estate Davis Bay Resorts are one and the same. The Resort property was sold for $9,500,000.00 dollars and Herzog claims that she is owed a finders fee of $1,070,000.00 under the June 19, 2003 agreement. (Compl. ¶¶ 38-39.)

On or about March 3, 2010, Herzog filed a complaint in the Superior Court of the Virgin Islands alleging the following: (1) action for debt; (2) breach of contract; (3) fraudulent inducement; (4) unjust enrichment. Herzog seeks payment of the finders fee, along with reimbursement of expenses and the amount of the returned checks received from Brandon.

On April 20, 2010, Estate Davis Bay Resorts filed a petition and notice of removal. Russell and Hill indicated that they consented to the removal of the action to this Court. Defendants contend that the Court has jurisdiction pursuant to 28 U.S.C. § 1332, alleging that there is diversity of citizenship and that the amount in controversy meets the jurisdictional requirement. Apparently conceding that Russell and Hill are, like Herzog, citizens of Maryland, defendants argue that joinder of Russell and Hill is fraudulent and solely for the purpose of defeating diversity jurisdiction. On April 20, 2010, defendants Hill and Russell also filed a motion to dismiss.

On July 29, 2010, Estate Davis Bay brought a motion for entry of default, which was granted on July 30, 2010. Herzog has not responded to the notice of removal or the motions brought by defendants.

II. Discussion

Pursuant to 28 U.S.C. § 1441(a), a defendant is entitled to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to "the district court of the United States for the district and division embracing the place where such action is pending." Where removal is based upon diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (noting that the statutory formulation "between ... citizens of different States" under § 1332 requires complete diversity between all plaintiffs and all defendants).[3] The burden is on the party seeking removal to demonstrate federal jurisdiction. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. As the Third Circuit has held, § 1447 "enables a district court to address the question of jurisdiction, even if the parties do not raise the issue." *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999)

---

[3] As the Supreme Court has noted, " § 1441(b) bars removal on the basis of diversity if any "part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought." *Lincoln Property Co.*, 546 U.S. 81, 89-90. In this case, defendant Estate Davis Bay Resorts is alleged to be and acknowledges being a Virgin Islands limited liability company. Thus, removal could be defeated on that basis. However, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction *must be made within 30 days after the filing of the notice of removal*." 28 U.S.C. § 1447 (c) (emphasis added.) *See also Lincoln Property Co.*, 546 U.S. at 90 (noting that "several lower courts have held that the presence of a diverse but in-state defendant in a removed action is a "procedural" defect, not a "jurisdictional" bar, and that the defect is waived if not timely raised by the plaintiff"). Herzog has failed to file a timely motion to remand on that basis and has waived the right to do so.

(citations omitted), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Services, Inc.* 545 U.S. 546, (2005); *see also Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc*., 905 F.2d 42, 45 (3d Cir.1990) (federal court has the obligation to address a question of subject matter jurisdiction sua sponte).

In this case, the defendants acknowledge that there is not complete diversity, but contend that because Herzog has fraudulently joined Russell and Hill to defeat diversity, the Court should disregard the citizenship of these two defendants and permit removal.

Notwithstanding the requirement for complete diversity among defendants, the presence of non-diverse defendants are not grounds for denying removal if defendants establish that the non-diverse defendants were fraudulently named or joined solely to defeat diversity jurisdiction. *In re Briscoe*, 448 F.3d at 216. Joinder is fraudulent where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id*. (citing *Abels v. State Farm Fire & Cas. Co*., 770 F.2d 26, 32 (3d Cir.1985)). If the court determines that joinder was fraudulent, it can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id*. (citation omitted). However, "the removing party carries a heavy burden of persuasion in making this showing" as "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851 (3d Cir. 1992) (citations and internal quotations omitted). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Boyer v. Snap-On Tools Corp*., 913 F.2d 108, 111

(3d Cir.1990)). In evaluating the alleged fraud, the court accepts all factual allegations of the complaint as true and "resolve[s] any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id*. at 851-52 (citations omitted). The court can only find the claims against the non-diverse defendant fraudulent if the claims are "wholly insubstantial and frivolous." *In re Briscoe*, 448 F.3d at 218.

The Court begins by asking whether on the face of the complaint, there are sufficient allegations concerning the conduct of the non-diverse defendants Russell and Hill to justify consideration of their citizenship. *Abels v. State Farm Fire & Cas. Co*., 770 F.2d 26, 29 (3d Cir. 1985). The Court must also "look beyond the face of the complaint for indicia of fraudulent joinder." *Id*.

In this case, Herzog has alleged several causes of action including action for debt, breach of contract, fraudulent inducement, and unjust enrichment. Defendants, focusing on the "breach of contract" claim contend that Herzog alleges no facts that demonstrate Russell or Hill's agreement to employ Herzog or to pay her a finders fee, and insist that Herzog's allegations only identify Estate Davis Bay as the party who entered into the alleged agreements.

To prove a claim of breach of contract under Virgin Islands law, the plaintiff must establish the following: "(1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages." *Elbrecht v. Carambola Partners, LLC,* 2010 WL 2813614, at *3 (D.V.I. July 16, 2010) (citing *Arlington Funding Services, Inc. v. Geigel*, 51 V.I. 118, 135 (V.I.2009)). In this case, Herzog has alleged that she entered into the following agreements: (1) she agreed to visit the Resort in St. Croix, presumably to assess the problems with management; (2) she agreed a contract to train employees; (3) she agreed to work as a General Manager at the

Resort (the "employment contracts"); and (4) she agreed to provide a buyer for the Resort in exchange for a finders fee (the "broker" contract).

Herzog does not allege any facts indicating Hill's involvement in the aforesaid agreements. Herzog does allege that Russell invited her to the Resort. However, Russell told her that the "corporation" would reimburse her airfare, thereby indicating that her visit was a service provided to and compensated by the "corporation" rather than Russell. The corporation in this context presumably refers to Estate Davis Bay. In any case, the complaint indicates that the visit was procured by Russell on behalf of a corporate entity. It appears that Russell was acting as either an agent for the Estate Davis Bay, or as a member of the company. Generally, an agent does not become a party to the contract made on behalf of a disclosed principal. *Publicker Industries, Inc. v. Roman Ceramics Corp.*, 652 F.2d 340, 343 (3d Cir. 1981) (citing Restatement (Second) of Agency (Restatement) § 320)).[4] In this case, the complaint indicates that the principal—the corporation—was disclosed to Herzog.

Moreover, under local law, even as a member of the company, Russell would not incur liability solely by reason of acting as such. *See* The Uniform Limited Liability Company Act ("ULLC Act"), 13 V.I.C. § 1303(a) (providing that "a member or manager is not personally liable for a debt, obligation or liability of the company solely by reason of being or acting as a member or manager"). Thus, Russell, whether acting as a member or manager, would not be personally liable for the debt or breach of contract by virtue of his actions on behalf of Estate

---

[4] In the Virgin Islands, courts apply the law of the Restatement in the absence of local statutes or case law to the contrary. *Glasgow v. Veolia Water North America Operating Services LLC*, 2010 WL 3780966, at *8 (D.V.I. Sept. 21, 2010) (citing 1 V.I.C. § 4).

Davis Bay. *See also Nielsen-Allen v. Industrial Maintenance Corp.* 285 F.Supp.2d 671, 672 (D.V.I. 2002).

The Court finds that the facts alleged in the complaint do not identify Russell and Hill as parties to any of the agreements cited by Herzog. The Court further finds that the debt asserted in the complaint was assumed by Estate Davis Bay, and that the only party allegedly "enriched" for purposes of the unjust enrichment claim was Estate Davis Bay.[5] The Court must conclude then that these claims fail to defeat diversity.

Finally, Herzog's claim of fraudulent inducement will be examined. Fraudulent inducement is established by the following elements: "(1) a misrepresentation of fact, opinion, intention or law; (2) knowledge by the maker of the representation that it was false; (3) ignorance of the falsity by the person to whom it was made; (4) an intention that the representations should be acted upon; and (5) detrimental and justifiable reliance." *Fitz v. Islands Mechanical Contractor, Inc.*, 2010 WL 2384585, at *9 (D.V.I. June 9, 2010) (citations omitted). Fraudulent inducement can be proven by circumstantial evidence, including the immediate repudiation of a promise with no intervening change in the situation. *Id*. Non-performance on its own is not sufficient to show intent to mislead but may be considered with other factors to establish intent. *Id*.

Again, the only facts alleged against Russell that could pertain to this allegation is that he asked Herzog to travel to St. Croix on two occasions and on both occasions promised Herzog reimbursement for the use of her airline miles. (Compl. ¶ 11.) Herzog came to St. Croix as requested and was not compensated for her travel expenses.

---

[5] To state a claim for unjust enrichment, a plaintiff must allege "that the defendant was enriched, that such enrichment was at the plaintiff's expense and that the circumstances were such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Government Guarantee Fund of Republic of Finland v. Hyatt Corp.*, 955 F. Supp. 441, 460 (D.V.I. 1997).

While Russell might be insulated from any contractual agreements undertaken by Estate Davis Bay, he is not similarly insulated against any tortious conduct he participated in on behalf of the company. *See, e.g., Addie v. Kjaer*, 2009 WL 1140006, at *3 (D.V.I. , April 28, 2009) (citing Restatement (Third) of Agency § 7.01 (2006) ("a corporate agent may be personally liable in tort if, although acting on behalf of a corporate entity, he directs or participates in the tortious act)). Fraudulent inducement sounds in tort. *See* Restatement (Second) of Torts, § 525 (1977)). Herzog has alleged that Russell participated in the alleged tort by representing that the Resort would compensate her for travel expenses incurred when she traveled to St. Croix. The Court, while recognizing that Herzog has not pled many facts in support of this allegation, is also mindful that it would be inappropriate to reach the legal merits in this preliminary jurisdictional determination. *Abels v. State Farm Fire & Cas. Co*., 770 F.2d 26, 33 (3d Cir. 1985); *see also In re Briscoe*, 448 F.3d at 218 ("where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses").[6]

The Court concludes, based on the analysis of the facts alleged in the complaint, that Herzog has asserted a colorable claim against Russell. Therefore, the Court cannot disregard Russell's citizenship. As a result, there is not complete diversity and the Court lacks subject matter jurisdiction over this action.

---

[6] The Court is also troubled that neither party has clearly identified the nature of Russell and Hill's relationship with Estate Davis Bay. According to the complaint and defendants' motion, Estate Davis Bay is a limited liability company. Herzog's allegation that Russell represented himself as the owner of the Resort suggests that Russell was not simply an employee but a member of the company Estate Davis Bay, the company that owned the Resort. In addition, Hill's signature is on the Warranty Deed conveying the Resort property to JS Carambola. If Russell or Hill are members of Estate Davis Bay, it could affect the Court's jurisdiction as "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). If Russell and Hill are members, and they are citizens of Maryland, then Estate Davis Bay is also a citizen of Maryland and diversity is not present. However, the Court need not reach the issue of Estate Davis Bay's citizenship because it concludes that there is a colorable claim asserted against Russell.

### III. Conclusion

The Court, having concluded that it lacks subject matter jurisdiction over this matter, will remand to the Superior Court. Accordingly, the motion to dismiss will also be denied. An appropriate order accompanies this opinion.

ENTER:

Dated: November 2, 2010

_____/s/_____
RAYMOND L. FINCH
U.S. DISTRICT JUDGE